# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES O. WELLS,

    Petitioner,

v.

CASE NO. 17-12253
HONORABLE DENISE PAGE HOOD

J.A. TERRIS,

    Respondent.
_____/

## ORDER SUMMARILY DISMISSING THE HABEAS PETITION

Petitioner James O. Wells, an inmate at the Federal Correctional Institution in Milan, Michigan, recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. The pleading challenges Petitioner's sentence of 293 months for conspiracy, bank robbery, carrying a firearm, and money laundering. Because Petitioner has not shown that a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is an inadequate or ineffective means for challenging his sentence, the Court will summarily dismiss the petition.

### I.  Background

Petitioner alleges that, on August 26, 1997, he pleaded guilty to conspiracy, 18 U.S.C. § 371, bank robbery, 18 U.S.C. § 2113(d), carrying a firearm, 18 U.S.C. § 924(c) and money laundering, 18 U.S.C. § 1957. On April 2, 1998, United

States District Judge James T. Moody of the Northern District of Indiana sentenced Petitioner to concurrent terms of 60 months in prison for the conspiracy and 233 months for the bank robbery. Petitioner received a consecutive mandatory minimum sentence of 60 months in prison for carrying a firearm, making the total sentence 293 months.[1] Petitioner states that he did not appeal his convictions and that he unsuccessfully sought post-conviction relief on a claim of ineffective assistance of counsel.

Petitioner filed his habeas petition on July 6, 2017. His sole ground for habeas relief reads:

> When sentencing a defendant under 18 USC § 924(c) to consecutive mandatory minimums[, a] court can consider reducing [the] sentence for [the] underlying offense to as little as one day.

Pet. at 5.

The basis for Petitioner's argument is the Supreme Court's recent decision in *United States v. Dean*, 137 S. Ct. 1170, 1176-77 (2017), which held that, "[n]othing . . . prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." Petitioner claims that, when he was sentenced, Judge Moody could not exercise his sentencing discretion and consider Petitioner's mandatory minimum sentence for

---

[1] Petitioner has not said what his sentence for money laundering was.

2

the § 924(c) conviction when determining the appropriate sentence for the underlying bank robbery. Petitioner seeks to have the Court order his release from federal custody or to transfer his case to the Northern District of Indiana for a hearing and a reduced sentence pursuant to the Supreme Court's decision in *Dean*.

## II. Analysis

On receipt of a habeas petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.' " *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).[2] "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that Rule 4 allows the summary dismissal of a petition if it plainly appears that the petitioner is not entitled to relief).

The issue here is whether Petitioner may bring his sentencing claim under 28 U.S.C. § 2241. The Sixth Circuit recently reaffirmed that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus

---

[2] Under Rule 1(b) of the Rules Governing Section 2254 Cases, a district court may apply the rules to a habeas corpus petition that was not filed under § 2254.

petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *see also Charles v. Chandler*, 180 F.3d 753,755-56 (6th Cir. 1999)(noting that "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255 and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241") (internal citations omitted).

Petitioner is challenging the legality of his sentence, as opposed to, the execution or manner in which he is serving his sentence. As such, the proper remedy for his claim is a motion to vacate, set aside, or correct the sentence under § 2255. He may bring his claim under § 2241 only if his claim falls within the "savings clause" of § 2255, which permits a prisoner to apply for the writ of habeas corpus when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

> The petitioner carries the burden to establish that the savings clause applies to his petition and "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. . . . [Section] 2255 is not "inadequate or ineffective" merely because habeas relief has previously been denied, a § 2255 motion is

4

> procedurally barred, or the petitioner has been denied permission to
> file a successive motion. *Charles*, 180 F.3d at 756.

*Hill,* 836 F.3d at 594.

"On a successive challenge to a *conviction*, a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is 'actually innocent.'" *Id*. (emphasis in original); *see also Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003)("The savings clause may only be applied when the petitioner makes a claim of actual innocence."); *Peterman*, 249 F.3d at 462 (concluding that the defendants' claims did not fall within any arguable construction of the "savings clause" because they did not show an intervening change in the law that established their actual innocence). But " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The petitioner must point to a decision demonstrating that he "stands convicted of 'an act that the law does not make criminal.' " *Id.* at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In *Hill*, the Sixth Circuit considered another basis for testing the legality of detention using the savings clause of § 2255. The Sixth Circuit held that a federal prisoner could bring a habeas petition under § 2241 to challenge his enhanced sentence as a career offender. But the Sixth Circuit limited its decision to

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced
> under the mandatory guidelines regime pre-*United States v. Booker*,

> 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Hill*, 836 F.3d at 599–600.

Petitioner was sentenced before *Booker* made the sentencing guidelines advisory rather than mandatory, and he may be foreclosed from filing a successive motion to vacate sentence under § 2255. But Petitioner is not challenging a career-offender enhancement to his sentence. Instead, he is challenging the trial judge's failure to consider his mandatory consecutive sentence under § 924(c) when deciding the length of Petitioner's sentence for bank robbery. And "there is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review." *Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017) (unpublished).

Petitioner's claim does not come within *Hill's* limited exception for bringing a § 2241 habeas petition to challenge a federal sentence, and because Petitioner is not claiming to be actually innocent of the crimes for which he is incarcerated, his remedy under § 2255 is not inadequate or ineffective. The Court, therefore, summarily **DISMISSES** the petition without prejudice.

Petitioner may proceed *in forma pauperis* if he appeals this decision because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3). He is not required to apply for a certificate of appealability because certificates of appealability are not needed in § 2241 cases "where detention is pursuant to federal process." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

        s/Denise Page Hood
        DENISE PAGE HOOD
        CHIEF UNITED STATES DISTRICT JUDGE

Dated: August 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager