UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES O. WELLS,

    Petitioner,

v.                                        CASE NO. 17-12253
                                              HONORABLE DENISE PAGE HOOD

J.A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO ALTER OR AMEND THE JUDGMENT (Docket No. 5)**

**I. Introduction**

In 2017, petitioner James O. Wells filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. The pleading challenged Petitioner's federal sentence, which was imposed in 1998 by a United States district judge in the Northern District of Indiana. The district judge sentenced Petitioner to imprisonment for concurrent terms of 60 months for conspiracy, *see* 18 U.S.C. § 371, and 233 months for bank robbery, *see* 18 U.S.C. § 2113. The district judge also sentenced Petitioner to a mandatory consecutive prison term of 60 months for using or carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c), for a total sentence of 293 months in prison.

Petitioner's sole ground for habeas relief was that, "[w]hen sentencing a defendant under 18 USC § 924(c) to consecutive mandatory minimums[, a] court can consider reducing [the] sentence for [the] underlying offense to as little as one day." Pet. at 5. The basis for this argument was the Supreme Court's decision in *United States v. Dean*, 137 S. Ct. 1170 (2017), which held that, "[n]othing in § 924(c) restricts the authority conferred on sentencing courts . . . to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Id.* at 1176–77. Petitioner sought to have the Court release him from federal custody or to transfer his case to the Northern District of Indiana for a hearing and a reduced sentence pursuant to *Dean*. On August 31, 2017, the Court summarily dismissed the petition because Petitioner had not shown that a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was an inadequate or ineffective means for challenging his sentence.[1]

---

[1] Pursuant to 28 U.S.C. § 2255(e),

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Currently before the Court is Petitioner's motion to alter or amend the Court's judgment. According to Petitioner, a § 2255 motion is an inadequate and ineffective remedy for his claim because *Dean* constitutes a statutory interpretation of 18 U.S.C. § 924(c), and a second or successive motion under § 2255 may be used only for constitutional challenges to a sentence. Petitioner seeks to have the Court re-consider its order of dismissal and allow him to proceed with his case. In the alternative, he seeks to have the Court vacate his sentence and forward his case to the sentencing court in the Seventh Circuit for re-sentencing under *Dean*.

## II. Discussion

Petitioner brings his motion under Federal Rule of Civil Procedure 59(e), which permits individuals to ask a court to alter or amend its judgment. "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.' " *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate,* 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir. 1986)). "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Henderson v. Walled Lake Consol. Sch.*, 469

F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). This standard is consistent with the "palpable defect" standard found in this District's Local Rules, *id.*, and under Local Rule 7.1, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

Petitioner alleges that he has already filed one motion to vacate sentence under § 2255, and that *Dean* presents an issue of statutory interpretation, which he cannot raise in a second or successive § 2255 motion. He contends that the Court erred when it determined that he had failed to show the inadequacy or ineffectiveness of a motion under § 2255 for challenging his sentence

It is true that "successive § 2255 motions require the presentation of new factual evidence or the demonstration of a new rule of constitutional law." *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). But "§ 2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a

4

successive motion." *Hill v. Masters,* 836 F.3d 591, 594 (6th Cir. 2016) (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (*per curiam*)); *see also Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("The fact that § 2255 bars [the federal prisoner] from bringing his statutory interpretation argument *now*, in a *second* § 2255 motion almost a decade after his conviction, doesn't mean the § 2255 remedial process was ineffective or inadequate to test his argument.") (emphasis in original).

Petitioner's argument fails for an additional reason: when seeking habeas relief under § 2241 based on a misapplied sentence, the petitioner must show a *retroactive* case of statutory interpretation. *Hill*, 836 F.3d at 595. "[T]here is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review." *Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017) (unpublished). The Sixth Circuit, moreover, has not addressed the issue, and two judges in this district have concluded that *Dean* is not retroactive on collateral review of a federal sentence. *See United States v. Harper*, No. 11-20188, 2018 WL 783100, at *3 (E.D. Mich. Feb. 8, 2018) (Steeh, D.J.); *Whitsell v. United States*, No. 17-cv-12691, 2018 WL 317869, at *3 (E.D. Mich. Jan. 8, 2018) (Drain, D.J.).

Courts outside this circuit have also concluded that *Dean* does not apply retroactively on collateral review. *See United States v. Cooley*, No. 1:09-cr-331, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12, 2017) (unpublished decision collecting cases). Even if *Dean* applies retroactively to cases on collateral review, "[t]he Supreme Court did not hold that district courts are *required* to factor in § 924(c) mandatory minimums when calculating an appropriate sentence for the predicate offenses." *United States v. Johnson*, 702 F. App'x 349, 363 (6th Cir. 2017) (emphasis in original), *petition for cert. filed*, No. 17-6567 (U.S. Oct. 27, 2017).

The Court concludes that it did not make a clear error of law or a palpable defect when it summarily dismissed the habeas petition. Accordingly, the Court denies Petitioner's motion to alter or amend the Court's judgment (Docket No. 5).

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: May 1, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
